# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERN ROBERT THEROUX, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAR-CON PRODUCTS, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 19-cv-1810-H-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIM**<br><br>[Doc. No. 4.] |

On September 18, 2019, Plaintiff Vern Robert Theroux, Jr. commenced this civil action against Defendant Mar-Con Products, Inc. and Does 1-10 ("Defendants") alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), and California's Unruh Civil Rights Act §§ 51–53 ("Unruh Act"). Defendant Mar-Con now moves to dismiss the state law claim for lack of subject matter jurisdiction under 28 U.S.C. § 1367.[1] Plaintiff has not opposed. Pursuant to its discretion under Local Rule 7.1(d)(1), the Court determines that the motion is fit for resolution without oral argument. Accordingly, the Court submits the motion on the parties' papers and vacates the scheduled

---

[1] The Court notes that the present motion is untimely but since this objection has not been raised by Plaintiff finds it waived. See Duggan v. Hobbs, 99 F.3d 307, 313 (9th Cir.1996).

1

hearing. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's state law claim.

# I. BACKGROUND

Plaintiff Theroux relies upon mobility devices to ambulate and suffers from a "qualified disability" under the ADA. (Doc. No. 1 ¶ 8.) Defendant Mar-Con Products ("Mar-Con"), is a California corporation with its principal place of business at 1615 La Mirada Drive, San Marcos, CA 92078. (Id. ¶11)

In September 2019, Plaintiff went to Mar-Con with the intention of availing himself of its retail services. (Id. ¶ 19.) Plaintiff alleges that he was unable to access or use the property because of various access barriers, including barriers in at the transaction counter and in the parking lot. (Id. ¶21-26.) Plaintiff contends that he personally encountered said problems, and consequently, was denied full and equal access of the property. (Id. ¶ 28.)

On September 18, 2019, Plaintiff sued Defendants for violations of the ADA and the Unruh Act. Plaintiff seeks monetary damages under the Unruh Act, injunctive relief under the ADA, and attorneys fees. (Id. ¶ 34-48.)

On November 13, 2019, Defendant Mar-Con filed a motion to dismiss Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c). Defendant primarily contend that: (1) the state law claim substantially predominates over the federal law claim because Plaintiff is seeking statutory damages only available under California law and (2) Plaintiff is engaging in forum shopping. (Doc. No. 4.)

# II. LEGAL STANDARD

The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies. Under § 1367(c), a district court may decline supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Underlying the § 1367(c) inquiry are considerations of judicial economy, convenience and fairness to litigants, and comity. "[I]f these are not present a federal court should hesitate to exercise jurisdiction over state law claims[.]" United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

Under § 1367(c), "a district court can decline jurisdiction under any one of [the statute's] four provisions." San Pedro Hotel Co. v. City of L.A., 159 F.3d 470, 478 (9th Cir. 1998). When a district court declines supplemental jurisdiction over a state law claim pursuant to one of the first three provisions of the statute—that is, §§ 1367(c)(1)–(3)—the court need not state its reasons for dismissal. Id. However, when the court declines supplemental jurisdiction pursuant to the statute's "exceptional circumstances" provision—that is, § 1367(c)(4)—the court must "articulate why the circumstances of the case are exceptional," and consider whether values of judicial economy, convenience, fairness, and comity provide compelling reasons for declining jurisdiction. Exec. Software N. Am., Inc. v. U.S. Dist. Court, 24 F.3d 1545, 1552 (9th Cir. 1994).

**III. Discussion**

    a. The ADA

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A sales or rental establishment is a "public accommodation" for purposes of the ADA. 42 U.S.C. § 12181(7)(E).

To prevail on a claim under the ADA, a plaintiff must prove that (1) he or she has a disability; (2) the defendant operates, leases, or owns a place of public accommodation; and (3) the plaintiff was denied appropriate accommodations by the defendant because of his or her disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). "[A] plaintiff need not show intentional discrimination in order to make out a violation of the ADA." Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 846 (9th Cir. 2004). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

b. The Unruh Act

The Unruh Act provides in part that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the federal ADA constitutes a violation of § 51 of the Unruh Act. Cal. Civ. Code § 51(f).

As a general matter, a claim under the Unruh Act requires a plaintiff to allege an intentional act or omission on behalf of defendant. See Org. for the Advancement of Minorities v. Brick Oven Rest., 406 F.Supp.2d 1120, 1129 (S.D. Cal. 2005). Thus, "[a] violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the [Unruh] Act.'" Schutza v. McDonald's Corp., 133 F.Supp.3d 1241, 1247 (S.D. Cal. 2015) (citations omitted). However, a showing of intentional discrimination is not required where a plaintiff brings an Unruh Act claim on the grounds that a defendant has violated the ADA. See Munson v. Del Taco, Inc., 46 Cal.4th 661, 679 (2009); see also

4

Lentini, 370 F.3d at 847 ("[N]o showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation.").

Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)[.]" Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." Molski, 481 F.3d at 731 (citing Botosan v. Paul McNally Realty, 216 F.3d 827, 836 (9th Cir. 2000)).

## IV. Analysis

a. Plaintiff's State Law Claims Substantially Predominates

Defendant argues that Plaintiff's state law claim substantially predominate over his ADA claim under § 1367 (c)(2). The Court agrees.

The number of violations alleged by Plaintiff and the total amount of damages available to him under the Unruh Act – a minimum of $4,000 for each offense – indicates that Plaintiff's predominant focus is recovering monetary damages under state law. At a minimum, Plaintiff alleges the following four violations: (1) there are no truncated domes as required by ADA guidelines (2) there are not lowered 36 inch transaction counters (3) there is not proper ADA parking (4) there was no ADA signage. These four allegations, if proven, would entitle him to an award of $16,000. Thus, under the circumstances presented, the Court finds that the monetary damages sought by Plaintiff under the Unruh Act substantially predominate over federal injunctive relief. See Schutza v. Cuddeback., 262 F.Supp.3d 1025, 1030 (S.D. Cal. 2017) (finding that statutory damages available under the Unruh Act substantially predominated over injunctive relief available under the ADA where the plaintiff alleged 9 allegations that, if proven, would entitle plaintiff to an award of $36,000) In sum, the Court finds that Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim under the ADA.

b. There Are Exceptional Circumstances Supported by Compelling Reasons for Declining Supplemental Jurisdiction

In considering values of judicial economy, convenience, fairness, and comity, the Court finds compelling reasons for declining supplemental jurisdiction in this case. See Exec. Software N. Am., Inc., 24 F.3d at 1557.

In 2012, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act, including provisions requiring high-frequency litigants to verify and specify their allegations. See Cal. Code Civ. Proc. § 425.50.3. The purpose of these heightened pleading requirements is to deter baseless claims and vexatious litigation. See e.g., SB 1186, Chapter 383 § 24 (Ca. 2012).

The Court notes that Plaintiff Theroux has filed over 30 cases, in the last year alone, in this and other courts alleging disability discrimination. As a high-frequency litigant primarily seeking relief under state law, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim. See Cross v. Pac. Coast Plaza Invs., L.P., No. 06 CV 2543 JM RBB, 2007 WL 951772, at *5 (S.D. Cal. Mar. 6, 2007) (declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claims in the interest of comity and noting this interest has become more compelling "as the courts struggle to resolve what is at the moment an irreconcilable tension between the ADA and the Unruh Act"); Molski v. Hitching Post I Rest., Inc., 2005 WL 3952248, at *8–9 (C.D. Cal. May 25, 2005) (finding comity to be a compelling reason for declining supplemental jurisdiction over state claims on the ground that California courts should have the ability to interpret state disability laws).

Finally, and relatedly, the Court agrees with Defendant's contention that Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims. It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive

relief, which is also available under the Unruh Act. Federal courts may properly take measures to discourage forum-shopping, see, e.g., Hanna v. Plumer, 380 U.S. 460, 467–68, 85 (1965), and here, where Plaintiff has filed over 30 disability discrimination cases, the Court finds this to be a compelling reason to decline supplemental jurisdiction. See, e.g., Brick Oven Rest., 406 F.Supp.2d at 1132 ("Because a legitimate function of the federal courts is to discourage forum shopping and California courts should interpret California law . . . compelling reasons exist to decline supplemental jurisdiction over plaintiff's state law claims.").

## V. CONCLUSION

For the foregoing reasons, the Court finds that (1) Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim under the ADA, and (2) there are otherwise exceptional circumstances—including comity and this Court's interest in discouraging forum-shopping—for declining supplemental jurisdiction over the Unruh Act claim. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's state law claim under 28 U.S.C § 1367(c). The Court retains jurisdiction over the ADA claim. Defendants shall file an answer or otherwise respond to the ADA claim no later than **January 30, 2019**.

**IT IS SO ORDERED.**

DATED: December 13, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT